UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Zajac, MD,             Case No: 20-cv-02148 (JRT-DTS)
       Plaintiff

v.

Maria K. Statton, Kathryn D. Lombardo,
Hugh P. Renier, Cheryl L. Bailey,
Christopher Burkle, Pamela Gigi,
Pamela Gigi, Shaunequa B. James,
Jennifer Y. Kendall Thomas, Patricia J.
Lindholm, John M. (Jake) Manahan,
Allen G. Rasmussen, Kimberly W.
Spaulding, Stuart T. Williams, in their respective
official capacity as members of the Minnesota
Board of Medical Practice.

Defendants

**Defendants' Memorandum in Support of
Their Joint Motion to Dismiss**

## INTRODUCTION

Defendants Maria K. Statton, M.D., Ph.D.; Kathryn D. Lombardo, M.D.; Hugh P. Renier, M.D., FAAFP; Cheryl L. Bailey, M.D.; Christopher Burkle, M.D., J.D. FCLM; Pamela Gigi Chawla, M.D., M.H.A.; Shaunequa B. James, MSW, LGSW; Jennifer Y. Kendall Thomas, D.O., FAOCPMR; Patricia J. Lindholm, M.D., FAAFP; John M. (Jake) Manahan, J.D.; Allen G. Rasmussen, M.A.; Kimberly W. Spaulding, M.D., MPH; and Stuart T. Williams, J.D., in their respective official capacities as members of the Minnesota Board of Medical Practice ("Defendants"), jointly move the Court pursuant to Fed. R. Civ. P. 12(b)(6) for an Order dismissing with prejudice Plaintiff's Verified Complaint for failure to state a claim upon which relief can be granted.  Plaintiff alleges violations of his First and Fourteenth Amendment Rights under the United States Constitution and seeks injunctive relief pursuant to Fed. R. Civ. P. 65 and 42 U.S.C. § 1983 as well as declaratory relief under 28 U.S.C. § 2201.

As a threshold matter, the Court should dismiss the Verified Complaint pursuant to the *Younger* abstention doctrine.  Plaintiff is seeking nothing more than – in the guise of a constitutional challenge – to avoid a determination in a pending state administrative proceeding as to whether he has violated the Minnesota Medical Practice Act by how he counsels minor patients' parents about the safety of vaccinating children according to the Centers for Disease Control and Prevention ("CDC")'s recommended schedule.  The Verified Complaint should also be dismissed for failure to state a claim upon which relief can be granted.  Despite Plaintiff's conclusory protestations of irreparable constitutional harm, this case involves nothing more than Plaintiff seeking to avoid the Board's lawful

2

regulation of his professional conduct as a licensed physician during patient consultations. In short, Plaintiff has failed to make a prima facie case for injunctive or declaratory relief.

## FACTUAL BACKGROUND

Under the Minnesota Medical Practice Act (Minnesota Statutes sections 147.01-.37), the primary duty of the Minnesota Board of Medical Practice is "to protect the public." Minn. Stat. § 147.001, subd. 2. In fulfilling its function of protecting the public "from the unprofessional, improper, incompetent, and unlawful practice of medicine," the Board regulates the granting and subsequent use of a license to practice medicine. *Id.* Under state law, the Board is required to investigate complaints it receives alleging or implying a violation of a statute or rule that the Board is empowered to enforce. Minn. Stat. §§ 214.01, subd. 2; 214.10; 214.103.

In 2018, the Board notified Plaintiff that it had received multiple complaints pertaining to his practice of medicine, including allegations that he was practicing below the minimum standard of care and was advising patients' parents against routine childhood immunizations in the absence of any contraindications. The complaints the Board received also included allegations that Plaintiff had posted a YouTube video critical of immunizations, which he showed during clinic visits. (Doc. 1-1 at 4, 13, 33-42.) As part of the investigation, the Board's Complaint Review Committee requested that Plaintiff appear for a conference noticed for August 12, 2019. (Doc. 1-1 at 33-42.) Following the conference, the Complaint Review Committee commenced a contested

case proceeding before an administrative law judge at the Office of Administrative Hearings pursuant to Minnesota Statutes chapters 14 and 214 by filing and serving a Notice and Order for Prehearing Conference and Hearing ("Notice of Hearing").  (Doc. 1-1 at 51-56.)

The Notice of Hearing alleges that Plaintiff violated the Minnesota Medical Practice Act in four main respects: (1) Plaintiff has failed to follow the minimal standards of acceptable and prevailing medical practice when counseling minor patients' parents on the safety and benefit of receiving vaccines pursuant to the CDC schedule; (2) Plaintiff has knowingly and unethically provided patients' parents with false or misleading information concerning vaccine safety studies; (3) Plaintiff supports alternative vaccine schedules; and (4) Plaintiff has deviated from the prevailing community standard of care and unethically provided false or misleading information by telling patients' parents asking about vaccine safety that there is no accountability for vaccine injuries.

Pursuant to the Minnesota Administrative Procedures Act, Minnesota Statutes sections 14.001-14.69 ("MAPA"), following a contested case hearing, an administrative law judge issues a report containing findings of fact, legal conclusions, and a recommendation to the Board as to whether discipline is warranted because the licensee has violated any of the stated grounds for discipline listed in the Minnesota Medical Practice Act.  The Complaint Review Committee bears the burden of proving Practice Act violations by a preponderance of the evidence.  *See* Minn. R. 1400.7300, subp. 5.  In health-related licensing cases, the administrative law judge does not recommend the remedy (*i.e.*, type of discipline) to impose against a license.  Instead, following issuance

of the administrative law judge's report, the full Board holds a hearing at which both the licensee and Complaint Review Committee present argument concerning whether disciplinary action should be taken, and if so, the form of disciplinary action. *See Uckun v. Minn. State. Bd. of Med. Prac.*, 733 N.W.2d 778, 786 (Minn. Ct. App. 2007); *Padilla v. Minn. State Bd. Of Med. Exam'rs*, 382 N.W.2d 876, 886-87 (Minn. Ct. App. 1986). Following the hearing, the Board issues a Final Order, which is appealable to the Minnesota Court of Appeals. *See* Minn. Stat. §§ 14.63, .69.

In this case, the contested case hearing is scheduled for May 25-27, 2021 before an administrative law judge at the Office of Administrative Hearings. (Doc. No. 1-1 at 63.) The Complaint Review Committee's expert report is due December 4, 2020, while Plaintiff's rebuttal expert report is due January 15, 2021. (Doc. No. 1-1 at 62.) Plaintiff waited more than five months after the filing of the Notice of Hearing and just three weeks before the Complaint Review Committee's expert disclosure deadline to serve his Verified Complaint, seeking injunctive relief from this Court in an attempt to bring the pending state administrative proceeding to an abrupt halt. The timing suggests that Plaintiff would like to avoid responding to expert opinions as to whether he has violated the community standard of care and the Minnesota Medical Practice Act.

## **ARGUMENT**

**I.      THIS COURT SHOULD DECLINE JURISDICTION UNDER THE *YOUNGER* ABSTENTION DOCTRINE.**

The *Younger* abstention doctrine directs federal courts to abstain from adjudicating claims that seek to enjoin an ongoing state criminal proceeding. *Younger v. Harris*, 401

U.S. 37, 43-56 (1971).  The doctrine stems from "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (the principle of "comity" includes "a proper respect for state functions").

Significantly, the *Younger* abstention doctrine has been extended to state civil proceedings.  See *Middlesex,* 457 U.S. at 432 (applying *Younger* abstention doctrine to state attorney license disciplinary proceedings); *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1165 (10th Cir. 1999) (applying *Younger* abstention doctrine to § 1983 action seeking to enjoin state medical board from continuing ongoing disciplinary proceedings).  Specifically, federal courts should abstain from exercising jurisdiction when:

> (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding.

*Plouffe v. Ligon*, 606 F.3d 890, 892-93 (8th Cir. 2010) (citing *Middlesex***,** 457 U.S. at 432).

When these factors are met, federal courts should follow the *Younger* abstention doctrine except where there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  *Middlesex*, 457 U.S. at 435.  Courts have found "bad faith" where state officials have proceeded "without hope of obtaining a valid conviction." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *accord Gates v. Strain*, 885 F.3d 874, 881-82 (5th Cir. 2018), *cert. denied,* 139 S. Ct. 1171 (2019); *see also Postscript Enterprises, Inc. v. Peach*, 878 F.2d 1114, 1116 (8th Cir.

6

1989) (city attorney's public vow to run adult bookstore out of business was insufficient to trigger bad faith prosecution exception).

Notably, although the U.S. Supreme Court has applied the *Younger* abstention doctrine to state administrative law actions, it has never applied the "bad faith" exception outside of the criminal context. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012); *Aaron v. Target Corp.*, 357 F.3d 768, 778 (8th Cir. 2004).

In this case, the *Younger* abstention doctrine unquestionably applies. First, there is an ongoing state proceeding. On June 5, 2020, pursuant to Minnesota Statutes chapters 14 and 214, the Complaint Review Committee initiated a contested case proceeding (Doc. No. 1-1 at 51-56) at the Office of Administrative Hearings concerning Plaintiff's license to practice medicine.

Second, important state interests are at stake. The State of Minnesota has a vitally important interest in regulating the professional conduct of the physicians it licenses. *See Middlesex*, 457 U.S. at 434 ("The State of New Jersey has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses."); *Amanatullah*, 187 F.3d at 1164-65 ("there is no question that the licensing and discipline of physicians involves important state interests, matters which traditionally look to state law for their resolution . . . . [I]t is difficult to imagine a state interest more important than the protection of its citizens against the harms of . . . improper practice of medicine."). Here, the Complaint Review Committee has alleged in its Notice of Hearing that Plaintiff has deviated from the accepted minimum standard of care in how he advises minor patients' parents as to whether it is safe to follow the CDC's recommended

vaccination schedule. (Doc. No.1-1 at 53-55.) Requiring a licensed physician to follow the community standard of care is vital to the Board's statutory duty to protect the public.

Third, Plaintiff is, in fact, able to raise his constitutional claims in the state action. *See Plouffe*, 606 F.3d at 89 (noting plaintiff's burden "to show that the disciplinary proceedings do not afford him an adequate opportunity to raise his constitutional claims") (citing *Neal v. Wilson*, 112 F.3d 351, 357 (8th Cir. 1997)). Under MAPA, Plaintiff has an opportunity to raise constitutional issues on review of the administrative proceeding in the state appellate courts. Minn. Stat. § 14.64, .69; *see also Padilla*, 382 N.W.2d at 882 (court of appeals "may consider a constitutional issue raised for the first time on appeal from an administrative tribunal when the appellant is raising the issue at the first opportunity in a forum possessing subject matter jurisdiction") (citing *Neeland v. Clearwater Mem'l Hosp.*, 257 N.W2d 366, 368 (Minn. 1977)). Thus, Plaintiff has a well-established opportunity to raise any relevant federal constitutional issues in the state proceeding. *See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 629 (1986) ("it is sufficient under *Middlesex* . . . that constitutional claims may be raised in state-court judicial review of the administrative proceeding").

Plaintiff does not appear to contest that the three bases for *Younger* abstention are met here. Instead, Plaintiff argues that the "bad faith" prosecution exception bars applicability of the *Younger* abstention doctrine. Plaintiff's allegations of a bad faith prosecution are unfounded. Plaintiff has not alleged any facts showing that the Complaint Review Committee initiated the contested case proceeding in bad faith. Mere allegations and conclusions do not suffice. *See Crenshaw v. Supreme Court of Ind.,* 170

F.3d 725, 729 (7th Cir. 1999) (when *Younger* abstention factors are met, courts must abstain from exercising jurisdiction in the absence of specific facts supporting bad faith prosecution exception).

Upon receiving complaints that Plaintiff was deviating from the appropriate standard of care when advising patients' parents on vaccine safety, the Complaint Review Committee conducted an investigation and commenced a contested case proceeding wherein it must prove by a preponderance of the evidence that Plaintiff has violated the Minnesota Medical Practice Act. The contested case will likely be decided based on expert opinions as to whether Plaintiff followed the community standard of care in advising patients' parents on the safety of vaccines, the adequacy of testing, the appropriateness of alternative vaccine schedules, and the availability of accountability for vaccine injuries.

Instead of submitting expert witness evidence addressing whether Plaintiff's conduct advising patients' parents violates the Minnesota Medical Practice Act, Plaintiff claims *with no factual support* that the administrative proceeding was brought to harass him and to prevent him from exercising his constitutional right to free speech. *See Crenshaw,* 170 F.3d at 729 (requiring allegations of specific facts to trigger applicability of bad faith exception to *Younger* abstention); *Amanatullah,* 187 F.3d at 1165 (recognizing the plaintiff's heavy burden of overcoming *Younger* abstention "by setting forth more than mere allegations of bad faith or harassment") (citations omitted). In any event, this is certainly not the type of case that would warrant application *for the very*

9

*first time* of the "bad faith" exception to the *Younger* abstention doctrine in a civil administrative proceeding.

The Court should, therefore, refrain from exercising jurisdiction and should dismiss this Verified Complaint. There is no basis for contravening established federal policy of not interfering in pending state judicial or administrative proceedings – particularly, one which involves the quintessential state function of public protection through regulation of a state medical license.

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The Verified Complaint's counts for a preliminary injunction,[1] permanent injunction, and declaratory judgment should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6), the Court reviews "the complaint most favorably to the non-moving party and may dismiss 'only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations.'" *Alexander v. Peffer*, 993 F.2d 1348, 1349 (8th Cir. 1993) (citation omitted). To avoid dismissal, "a

---

[1] As of the date of the filing of this motion, Plaintiff has not yet moved for a preliminary injunction. The only difference in the requirements for obtaining a preliminary injunction, as opposed to a permanent injunction, is the first factor. For a preliminary injunction, instead of showing actual success on the merits, a plaintiff must show "likely success on the merits." *See Bank One, Utah v. Guttau,* 190 F.3d 844, 847 (8th Cir. 1999) (citing *Amoco Prod. Co. v. Village of Gambell, Alaska,* 480 U.S. 531, 546 n.12 (1987)).

complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claims . . . ." *Dubois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002).  A prima facie §1983 claim requires an allegation that the defendant's conduct "caused a constitutional violation and that the challenged conduct was performed under the color of state law." *Alexander*, 993 F.2d at 1349.

      A.      **Plaintiff's Claim for a Permanent Injunction Fails as a Matter of Law.**

In determining whether to grant permanent injunctive relief, courts consider the following four-factor balancing test: (1) whether the movant is entitled to actual success on the merits; (2) the threat of irreparable injury to the movant; (3) whether the balance of relative harms favors equitable relief; and (4) whether the injunction serves the public interest.  *E.g., Bank One, Utah v. Guttau,* 190 F.3d 844, 847 (8th Cir.1999) (citing *Dataphase Sys., Inc. v. CL Sys., Inc.,* 640 F.2d 109, 114 (8th Cir.1981)); *see also Minn. Vikings Football Stadium, LLC v. Wells Fargo Bank, Nat'l Ass'n*, 193 F. Supp. 3d 1002 (D. Minn. 2016).

           1.      **Plaintiff Cannot as a Matter of Law Establish Success on the Merits**.

Plaintiff alleges that Defendants should be enjoined from "continuing to violate Plaintiff's exercise of his First Amendment protected right to free speech" for the purposes of "stifling" his rights "to express his personal opinions regarding vaccine injuries, vaccine safety and vaccine injury accountability." (Doc. No. 1 at 53-54.) Plaintiff is mistaken.  The Notice of Hearing, which Plaintiff has appended as an exhibit to the Verified Complaint, specifically alleges that Plaintiff practiced below the minimal

11

standard of acceptable and prevailing medical practice and unethically provided false or misleading information to his patients' parents concerning vaccine safety, the adequacy of vaccine testing, alternative vaccine schedules, and accountability for vaccine injuries. (Doc. No. 1-1 at 53-55.)  Moreover, how Defendants could possibly be "continuing to" violate Plaintiff's First Amendment rights before any disciplinary action has been taken defies logic.  Plaintiff's § 1983 claim is conclusory and devoid of sufficient facts showing a constitutional violation.

Plaintiff's only relevant public statements (*i.e.*, not made during clinic consultations) are specifically referenced in paragraph 2.i. of the Notice of Hearing. (Doc. No. 1-1 at 54.)  During the August 12, 2019 conference, Plaintiff told the Complaint Review Committee that he uses statements he made during the YouTube interview as his "starting point" when counseling patients' parents *during clinic appointments* about the risks of vaccines.

Plaintiff's repetitive references to the Board's investigatory process (*i.e.*, allegations made in the complaints received by the Board; initial Board inquiries; the content of the Notice of Conference) lack relevance to the substantive allegations of the contested case.  Rather, the allegations in the Notice of Hearing are focused on how Plaintiff counseled minor patients' parents during clinic visits with respect to whether CDC-recommended vaccines should be administered.

A review of the Notice of Hearing plainly shows that the Complaint Review Committee is seeking nothing more than a report from an administrative law judge recommending discipline based on a finding that Plaintiff violated the following

provisions of the Minnesota Medical Practice Act: (1) Minnesota Statutes section 147.091, subdivision 1(k) (conduct that departs from or fails to conform to the minimal standards of acceptable and prevailing medical practice; (2) Minnesota Statutes section 147.091, subdivision 1(v) (knowingly providing false or misleading information that is directly related to the care of a patient; and (3) Minnesota Statutes section 147.091, subdivision 1(g) (engaging in unethical or improper conduct).

In well-established precedent, the Supreme Court has recognized that "[s]tates may regulate professional conduct, even though that conduct incidentally involves speech." *Nat'l Inst. Of Fam. & Life Advs. v. Becerra,* 138 S. Ct. 2361, 2372 (2018) ("NIFLA") (citing *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 884 (1992)).  In *Casey*, the U.S. Supreme Court upheld a Pennsylvania statute requiring that "a doctor give a woman certain information as part of obtaining her consent to an abortion," which the court viewed as "no different from a requirement that a doctor give certain specific information about any medical procedure."  *Casey*, 505 U.S. at 884 (explicitly recognizing that state regulation of the medical profession may require the provision of certain informed consent information).  The *Casey* court reasoned that the statute at issue there only regulated speech "as part of the practice of medicine, subject to reasonable licensing and regulation by the State."  *Id.; see also NAACP v Button,* 371 U.S. 415, 438 (1963) (tortious conduct constituting professional misconduct "fall[s] within the traditional purview of state regulation of professional conduct"), *cited in NIFLA,* 138 S. Ct. at 2373.

Similarly, the Complaint Review Committee's contested case involves regulation of professional conduct – whether Plaintiff provides appropriate counseling to parents deciding whether to vaccinate their children at a clinic visit. More specifically, the conduct at issue here includes how Plaintiff counsels patients' parents during appointments about the safety of vaccines, the adequacy of existing studies, the appropriateness of vaccinating under an alternative schedule, and accountability for alleged vaccine injuries. Notably, unlike the above-cited cases, the instant case does not involve an allegedly unconstitutional statute or regulation. Instead, this case involves an authorized state regulatory body's action to address whether a licensee's *conduct* violates the Minnesota Medical Practice Act.

As illustrated by the Notice of Hearing, no infringement of constitutional rights ("continuing" or otherwise) is at stake in the ongoing contested case at the Office of Administrative Hearings. Plaintiff's § 1983 claim for permanent injunctive relief fails as a matter of law.

### 2. There is No Threat of Irreparable Harm.

Injunctive relief is not appropriate when the alleged harm is merely speculative. *Cargill, Inc. v. Hartford Accident & Indem. Co.,* 531 F. Supp. 710, 715 (D. Minn. 1982); *Allen v. Minnesota*, 867 F. Supp. 853, 858 (D. Minn. 1994) ("[p]ossible or speculative harm is not enough" to justify permanent injunction).

Here, Plaintiff cannot show any threat of irreparable harm. The Complaint Review Committee has initiated an administrative proceeding before a neutral administrative law judge to determine whether Plaintiff has violated the Minnesota

Medical Practice Act.  If the Complaint Review Committee meets its burden of proof at the May 25-27, 2021 contested case hearing, the full Board will then hold a subsequent hearing to consider the parties' written submissions and oral argument.  After the hearing, the Board will issue a Final Order outlining the appropriate disciplinary remedy, if any, against Plaintiff's license. *Uckun*, 733 N.W.2d at 786; *Padilla*, 382 N.W.2d at 886-87.  Pursuant to the Medical Practice Act, discipline imposed by the full Board may range from a reprimand, civil penalty, limitations/conditions, suspension, up to a license revocation.  Minn. Stat. § 147.141.

Plaintiff's allegation of the "stifling" of his First Amendment rights is speculative at best.  Moreover, Plaintiff can raise any constitutional challenges to the Minnesota Court of Appeals if he chooses to appeal a Final Order of the Board.  Minn. Stat. §§ 14.63, .69; *Padilla*, 382 N.W.2d at 882.

### 3. Equitable Relief Is Not Warranted Upon Balancing the Parties' Hardships.

Plaintiff is seeking an injunction from this Court to prevent Defendants from infringing upon his First Amendment rights.  But, procedurally, Plaintiff's constitutional challenge is premature, as the contested case proceeding is ongoing and the Board has not issued a Final Order imposing discipline of any kind against Plaintiff's license.  Thus, it is difficult to surmise how Plaintiff would endure any hardship in the absence of prospective injunctive relief.

On the other hand, were this Court to enjoin Defendants from continuing with the contested case, the Complaint Review Committee would be denied an opportunity to

prove by a preponderance of the evidence that Plaintiff has violated the Minnesota Medical Practice Act when counseling patients' parents about vaccines. This factor weighs in favor of granting Defendants' motion to dismiss Plaintiff's claim for injunctive relief.

### 4. An Injunction Would be Contrary to the Public Interest.

It would be antithetical to the public interest to allow a physician to use a procedurally improper First Amendment challenge as a shield to avoid responding to claims in a state administrative proceeding that the physician's conduct violated the Minnesota Medical Practice Act. An injunction would prevent Defendants from fulfilling their statutory duty as Board members to protect the public from improper medical practice through regulation of a license to practice medicine in the State of Minnesota.

Accordingly, Plaintiff's claim for injunctive relief should be dismissed as a matter of law.

### B. Plaintiff's Claim for Declaratory Relief Also Fails as a Matter of Law.

In addition to seeking injunctive relief, the Verified Complaint seeks a judgment from this Court declaring: (1) Defendants' "bad faith prosecution" violates Plaintiff's First Amendment rights to express personal opinions about vaccine safety and is beyond the scope of Defendants' subject matter jurisdiction; and (2) Defendants' "bad faith prosecution" seeking to prevent Plaintiff from expressing personal opinions regarding vaccine safety violates "Plaintiff's constitutional due process rights to be free from bad faith prosecution safeguarded by the Fourteenth Amendment." (Doc. No. 1 at 55.)

Just as the Court should abstain from exercising jurisdiction over the claims for injunctive relief, principles of comity also dictate that the Court decline to exercise jurisdiction over Count III, seeking declaratory judgment. In any event, Plaintiff's claim for declaratory judgment fails as a matter of law.

### 1. Defendants Have Not Violated the First Amendment.

As noted above, this is not a First Amendment case. The Complaint Review Committee's Notice of Hearing does not seek to enjoin Plaintiff from engaging in public speaking on any topic. Rather, the Notice of Hearing is focused on whether Plaintiff has deviated from the minimum standard of care when counseling minor patients' parents about vaccines during clinic visits. The U.S. Supreme Court has held that the First Amendment does not preclude "regulation of professional conduct that incidentally burdens[s]speech." *NIFLA*, 138 S. Ct. at 2372; *Casey*, 505 U.S. at 884.

Plaintiff erroneously further asserts that this Court should issue an order declaring that Defendants lack subject matter jurisdiction to initiate a disciplinary action against Plaintiff's medical license. The Board's Complaint Review Committee unquestionably has jurisdiction to initiate contested case proceedings for alleged violations of the Minnesota Medical Practice Act, such as failure to follow the minimal standard of acceptable care, in violation of Minnesota Statutes section 147.091, subdivision 1(k). If the allegations of the Notice of Hearing did not allege a violation of the Minnesota Medical Practice Act, Plaintiff's remedy would be to bring a motion for summary disposition as part of the contested case proceeding before the administrative law judge. *See* Minn. R. 1400.5500(K), .6600.

### 2. Defendants Have not Violated the Fourteenth Amendment.

Plaintiff has failed to plead his claim for Fourteenth Amendment declaratory relief with sufficient particularity. Furthermore, the language of this claim is circular in nature. Specifically, Plaintiff seeks an order:

> declaring defendants' actions in maintaining a bad faith prosecution and seeking to muzzle and silence free speech and expression of personal opinions regarding vaccine safety and vaccine injury accountability as violative of Plaintiff's constitutional due process rights to be free from bad faith prosecution safeguarded by the Fourteenth Amendment.

(Doc. No. 1 at 55.) From the Verified Complaint, it is unclear whether Plaintiff seeks a declaration that the administrative action against Plaintiff is violative of his procedural or substantive due process rights. Procedural due process requires that an individual whose rights are infringed by a state entity receive notice and an "opportunity to be heard at a meaningful time and in a meaningful manner." *Mitchell v. Dakota Cnty. Soc. Servs.*, 959 F.3d 887, 897 (8th Cir. 2020) (citations omitted). Here, Plaintiff received notice of the Complaint Review Committee's investigation as well as of the contested case proceeding (Doc. No. 1-1 at 4, 13, 33-42, 51-56). In fact, Plaintiff's counsel attended the Prehearing Conference at which the date of the contested case hearing was selected. (*Id.* at 61.)

A viable substantive due process claim against a state official requires that a plaintiff "demonstrate that a fundamental right was violated and that the official's conduct shocks the conscience." *Mitchell*, 959 F.3d 887, 898 (8th Cir. 2020) (citations omitted). Here, Plaintiff does not allege that any fundamental right has been violated. *See Washington v. Glucksberg*, 521 U.S. 702, 719-20 (1997) (identifying fundamental

rights as the right to marry and marital privacy, to have children, to direct the education/upbringing of one's children, to use contraception, to bodily integrity, and to abortion) (citations omitted).

Furthermore, whether a state official's conduct shocks the conscious constitutes a question of law. *Mitchell*, 959 F.3d at 898. "Conscience shocking conduct only includes 'the most severe violations of individual rights that result from the brutal and inhumane abuse of official power.'" *Id.* (quoting *White v. Smith*, 696 F.3d 740, 757–58 (8th Cir. 2012)). In this case, Plaintiff has not alleged any such "conscience shocking" conduct on the part of Defendants.

Accordingly, Plaintiff's claim that he is entitled to a declaration that his Fourteenth Amendment due process claim have been violated fails as a matter of law.

## CONCLUSION

Defendants respectfully request that the Court dismiss with prejudice the Verified Complaint seeking injunctive and declaratory relief. In the first instance, the Court should decline to exercise jurisdiction under the *Younger* abstention doctrine. Moreover, Plaintiff has failed to state a claim upon which relief can be granted. No constitutional right is at issue in the Complaint Review Committee's pending state administrative law proceeding to determine whether Plaintiff's conduct in counseling patients' parents during clinic visits has violated the Minnesota Medical Practice Act. Accordingly, the

Verified Complaint fails as a matter of law to allege viable § 1983 or declaratory judgment claims and should be dismissed in its entirety.

Dated:  December 4, 2020                             Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

s/ **Kathleen M. Ghreichi**
KATHLEEN M. GHREICHI
Assistant Attorney General
Atty. Reg. No. 023834X

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2128
(651) 757-1490 (Voice)
(651) 297-2576 (Fax)
kathleen.ghreichi@ag.state.mn.us

Attorney for Defendants
Maria K. Statton, Kathryn D. Lombardo, Hugh P. Renier, Cheryl L. Bailey, Christopher Burkle, Pamela Gigi Chawla, Shaunequa B. James, Jennifer Y. Kendall Thomas, Patricia J. Lindholm, John M. (Jake) Manahan, Allen G. Rasmussen, Kimberly W. Spaulding, Stuart T. Williams, in their respective official capacity as members of the Minnesota Board of Medical Practice