# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Zajac, MD, | Case No. 20-cv-2148 (JRT/DTS) |
| Plaintiff, | |
| v. | **ORDER TO FILE AMENDED JOINT MOTION TO COMPLY WITH LOCAL RULE 5.6** |
| Maria K. Statton, *et al.*, | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion for Continued Sealing [Docket No. 47] pursuant to Minn. L.R. 5.6(d)(2) that was filed on February 8, 2021.

The parties filed several documents under temporary seal in connection with Defendants' Motion to Dismiss [Docket No. 12] and Plaintiff's Motion for Preliminary Injunction [Docket No. 18]. The parties seek to keep the documents under seal in their entirety.

However, the Joint Motion does not comply with Local Rule 5.6 in several respects, and the Court is unable to perform a meaningful and efficient review of documents or evaluate the basis for sealing or unsealing them. Accordingly, the Court orders the parties to **file a compliant Amended Joint Motion no later than 10 days after this Order is filed**.

For example, the Joint Motion does not identify all of the documents at issue. A Joint Motion "must list by docket number each document filed under temporary seal." LR 5.6(d)(2)(A). During its initial review the Court noticed at least two documents (Docket Nos. 39-1, 40-1) filed under seal that are not listed in the Joint Motion chart. Each docket

entry must be listed on the chart so that the Court can rule on it and provide direction to the Clerk's Office to seal or unseal the entry.

The Joint Motion also does not adequately state the basis for sealing these documents (in whole or in part) from the public, other than stating that information was "identified as confidential under [a] protective order" in a state administrative proceeding. Local Rule 5.6(d)(2)(A) requires that the parties "precisely identify" the "information" they want the Court to seal and "explain why" the information should be withheld from the public. Here, no protective order has yet been entered by the Court in this lawsuit, and even if it had, the mere existence of a protective order is not dispositive of whether the Court will seal particular information in a document filed with the Court. *See* Pretrial Sched. Order at 5, Docket No. 45. If there is a specific statutory provision, rule, or other legal authority that requires sealing of information in the underlying state administrative proceeding, the Joint Motion chart does not identify the statute or rule. Thus, the Court is unable to evaluate the basis for the parties' request that documents remain under seal.

In addition, the Joint Motion does not satisfy LR 5.6(d)(2)(A)(i)'s requirement to "briefly describe the document." "Exhibit" is a label, not a description. *See* 2017 Advisory Cmte. Note to LR 5.6 ("the parties must briefly describe the document (e.g., '09/23/2016 email from A. Jones to B. Smith')." Except in a few instances (such as describing the document as a "declaration" or a "legal memorandum," which are adequate descriptions), each of the remaining documents is identified as simply "exhibit." Consistent with the example given in the Advisory Committee Note cited above, a description would be something like July 3, 2017 email; February 3, 2015 agreement; excerpt from expert ABC's report; selected pages from a transcript of witness XYZ's deposition; and so forth.

The brief description is needed for the Court to keep track of the documents to seal or unseal.

Finally, as guidance for the parties' Amended Joint Motion, the Court states that in general it is unlikely that a memorandum of law or a declaration merits sealing in its entirety. The usual process would be to file a public redacted version that protects only the particular information that should not be disclosed (as Defendants have done in Docket Nos. 29 and 30).

IT IS HEREBY ORDERED that, **no later than ten (10) days after this Order is filed, the parties shall file an Amended Joint Motion that complies with Local Rule 5.6** as discussed above.

Dated: February 22, 2021

                                                                                 s/David T. Schultz
                                                                 DAVID T. SCHULTZ
                                                                 United States Magistrate Judge